

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11   JACOB DANIEL HEIM,                    Case No.:  24-cv-02476-AJB-DEB
12                         Petitioner,
                                          **ORDER:**
13   v.
                                          **(1) GRANTING MOTION TO PROCEED
14   M. GAMBOA, Warden, et al.,           IN FORMA PAUPERIS; AND**
15                         Respondents.
                                          **(2) NOTIFYING PETITIONER OF
16                                         OPTIONS TO AVOID DISMISSAL OF
                                          PETITION**
17
18                                         **[ECF Nos. 1, 2]**
19

20        Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas
21   Corpus pursuant to 28 U.S.C. § 2254, challenging a 2022 San Diego County Superior Court
22   conviction in case number SCD290089. (ECF No. 1.) Petitioner has also filed a motion for
23   leave to proceed *in forma pauperis*. (ECF No. 2.) For the reasons discussed, the Court
24   **GRANTS** the motion to proceed *in forma pauperis* and **NOTIFIES** Petitioner of his
25   options to avoid a future dismissal of the instant habeas action.

26              <u>**REQUEST TO PROCEED IN FORMA PAUPERIS**</u>
27        Petitioner has $0.00 on account at the California correctional institution in which he
28   is presently confined (*see* ECF No. 2 at 4, 6), and cannot afford the $5.00 filing fee.

Accordingly, the Court **GRANTS** Petitioner's motion to proceed *in forma pauperis* and allows him to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of Court will file the Petition without prepayment of the filing fee.

## FAILURE TO EXHAUST STATE COURT REMEDIES

Upon review, it does not appear state court remedies have been exhausted as to any of the sixteen enumerated claims in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and a petitioner must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Of the sixteen claims presented in his federal Petition, Petitioner indicates he has not raised any of these claims in the California Supreme Court. (*See* ECF No. 1 at 6–24.) Petitioner has attached a copy of the California Supreme Court's denial of his petition for review (*see* ECF No. 1-8 at 33), but he does not indicate that any of the claims in the instant federal Petition were presented in that petition.  Petitioner indicates that he did not seek collateral review in state court. (*See* ECF No. 1 at 3–4.)

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a petition which did not contain only exhausted claims is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id.* at 514–20. Because the one-year statute of limitations imposed on section 2254 habeas petitions after *Lundy* was decided created a risk of a claim dismissed under *Lundy* becoming time-barred, the Supreme Court subsequently approved of a procedure by which a federal Petition could be stayed while a petitioner returned to state court to exhaust. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*."). The Supreme Court has instructed "stay and abeyance should be available only in limited circumstances" and was appropriate where: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78.

The Court now notifies Petitioner of his options to avoid a future dismissal for presenting a petition with only unexhausted claims, with a deadline set forth below.

## I.    First Option: Demonstrate Exhaustion

Petitioner may file papers in which he alleges he has exhausted the claims in the Petition. If Petitioner chooses this option, these papers are due no later than **March 10, 2025**.

## II.    Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application

---

[1] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended*, 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **March 10, 2025**.

## III.   Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. If Petitioner wishes to use the *Rhines* procedure, he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277–78. If Petitioner chooses this third option, he must file a motion for a stay with this Court no later than **March 10, 2025**.

///
///
///
///
///
///
///
///
///
///

24-cv-02476-AJB-DEB

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed *in forma pauperis* [ECF No. 2] and **NOTIFIES** Petitioner that his Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with the instant habeas action, he must, no later than **March 10, 2025**, notify the Court which of the options outlined above he chooses. Petitioner is cautioned that if he fails to respond to this Order, the Petition will be dismissed without prejudice. *See Lundy*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated:  January 8, 2025

Hon. Anthony J. Battaglia
United States District Judge

24-cv-02476-AJB-DEB