UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JACOB DANIEL HEIM, | Case No.: 24-cv-2476-AJB-DEB |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTIONS TO STAY AND RESUME PETITION** |
| v. | |
| M. GAMBOA, Warden, *et al.*, | |
| Respondents. | |
| | **[DKT. NOS. 4, 6]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.d and Civil Habeas Corpus Rule 2.

**I.   INTRODUCTION**

Petitioner Jacob Daniel Heim ("Petitioner" or "Heim"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his San Diego County Superior Court conviction. Dkt. No. 1.

On January 8, 2025, the Court notified Heim that, to avoid dismissal of his Petition based on a failure to exhaust his habeas claims in state court, he must either: (1) demonstrate he had exhausted claims in his Petition; (2) voluntarily dismiss his case, return to state court to exhaust his claims, and refile exhausted claims; or (3) move to stay

this case while he returns to state court to exhaust his unexhausted claims. Dkt. No. 3.[1]

On January 21, 2025, Heim chose option three and moved to stay this federal action while he presented his sixteen claims in state court. Dkt. No. 4 ("Motion to Stay"). Less than two weeks later, Heim filed a Motion to Resume his federal habeas Petition, stating the California Supreme Court "denied my petition with my sixteen grounds for relief and returned my petition unfiled." Dkt. No. 6 at 1. Alternatively, Heim seeks a further stay if the Court finds he has not exhausted his state remedies. Dkt. No. 12 at 12.

The Court has reviewed the Motion to Stay and Motion to Resume, Respondents' Opposition to both motions (Dkt. Nos. 8, 11), Heim's Reply (Dkt. No. 12), and all supporting documents. For the reasons discussed below, the Court **RECOMMENDS DENYING** Petitioner's Motions and **DISMISSING** the Petition.

## II. PROCEDURAL BACKGROUND

On July 22, 2022, the San Diego County Superior Court sentenced Heim to fourteen years in state prison on multiple counts of committing a lewd act on a child under fourteen years old in violation of California Penal Code Section 288(a). Dkt. No. 1 at 1–2.[2] Heim represented himself at trial. On direct appeal, represented by counsel, Heim argued the trial court should not have permitted self-representation because, although he was competent to stand trial, he was not competent to represent himself. Dkt. No. 4 at 24–45. The California Court of Appeal rejected Heim's claims and affirmed the judgment. Dkt. No. 4 at 9–23. The California Supreme Court summarily denied review. Dkt. No. 1-8 at 33.

---

[1] Heim's December 2024 Petition for Writ of Habeas Corpus conceded he had not previously raised any of his sixteen claims in state court. Dkt. No. 1 at 6–24.

[2] The record does not contain Heim's judgment. The unpublished opinion denying his state court appeal, which Heim attaches to his Motion to Stay, states the jury found him guilty of six counts of committing lewd acts on a child under the age of fourteen and one count of exhibiting to a minor harmful material depicting sexual conduct of a minor, along with two aggravating circumstances per count. Dkt. No. 4 at 9–23. Heim asserts he was convicted of "5 counts of 288(a)." Dkt. No. 1 at 2. Because the precise convictions are not relevant at this stage of the proceedings, the Court accepts Heim's representations. *See id.*

Heim then filed a Petition for Writ of Habeas Corpus in this Court. Dkt. No. 1. Because it appeared Heim had not exhausted his state court remedies, this Court issued an order requiring Heim to either: (1) demonstrate he had exhausted the claims in his Petition; (2) voluntarily dismiss his case, return to state court to exhaust his claims, and refile the exhausted claims; or (3) move to stay this proceeding while he returns to state court to exhaust his unexhausted claims. Dkt. No. 3. Heim elected to move to stay this case while he presented his claims to the state court. Dkt. No. 4.

Heim then filed a "Petition for Review" with the California Supreme Court. Dkt. No. 6 at 3–4. The California Supreme Court returned Heim's filing, explaining it had already considered and denied Heim's Petition for Review. *Id.* at 2. Heim has now returned to this Court claiming he exhausted his state remedies and seeking to resume his Petition. *Id.*

### III. EXHAUSTION

As described above, Heim moved to stay this case while he exhausted his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 276–78 (2005).[3] Shortly after he moved to stay, however, he claimed his exhaustion was complete and asked the Court to resume review of his habeas petition. Dkt. No. 6. Accordingly, the Court first considers whether Heim has satisfied the exhaustion requirement.

To exhaust state judicial remedies, a petitioner must either fairly present each claim to the state and have it disposed of on the merits or demonstrate that no state remedy remains available. *Rose v. Lundy*, 455 U.S. 509, 518–22 (1982); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citation omitted). A claim is fairly presented if the petitioner has

---

[3] Under *Rhines*, a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. *Rhines*, 544 U.S. at 276; *see also Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding the *Rhines* stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions).

described "in state proceedings both the operative facts and federal legal theory on which his claim is based." *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir. 2008) (citation modified).

Heim presents evidence showing he attempted to exhaust his sixteen claims in the California Supreme Court by filing a "Petition for Review" on January 21, 2025. Dkt. No. 6. The California Supreme Court returned his petition for review to Heim the same day as "unfiled," stating the Court's "order denying [his] petition was final forthwith and may not be reconsidered or reinstated." Dkt. No. 6 at 2.[4]

It appears the California Supreme Court rejected Heim's submission because he labeled it a "Petition for Review" and not a Petition for Writ of Habeas Corpus. Dkt. No. 6 at 3–4. The California Supreme Court, therefore, refused to file Heim's submission because it regarded it as a second Petition for Review. As a result, it remains the case that no state court has considered the claims Heim has presented to this Court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (A petitioner has not fairly presented a federal claim to a state court if the claim is presented in a "procedural context in which its merits will not be considered."). The Court, therefore, recommends denying Heim's Motion to Resume.

## IV.   STAY AND ABEYANCE

Absent a stay, the Court must dismiss Heim's Petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

---

[4] The California Supreme Court's letter to Heim referenced its November 21, 2023 denial of Heim's petition for review in case no. S282069, wherein Heim appealed the Court of Appeal's September 13, 2023 denial of his claim that the trial court erred by allowing him to represent himself (Court of Appeal No. D080735). Dkt. No. 4 at 9–23. Heim's reply to the motions currently before the Court state that he raised the sixteen claims for relief at his July 22, 2022 sentencing, but was advised he could argue those grounds on direct appeal. Dkt. No. 12 at 1. However, he was required to obtain counsel, who advised him "that his 16 grounds for relief were meritless." *Id.* at 2.

A "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277; *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (recognizing that routinely granting stays would undermine the goals of 28 U.S.C § 2254). To obtain a stay of a petition containing unexhausted claims, a petitioner must show: (1) "good cause" for the failure to exhaust state-court remedies; (2) the "unexhausted claims are potentially meritorious[;]" and (3) the absence of dilatory tactics. *Rhines*, 544 U.S. at 277–78; *see Mena*, 813 F.3d at 912 ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*.").

A.  *Good Cause*

The "good cause" requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Good cause turns on whether the petitioner can set forth a "reasonable excuse, supported by sufficient evidence, to justify that failure." *Id.* "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—d[o] not satisfy the good cause requirement." *Id.* at 981. A petitioner need not show, however, that "extraordinary circumstances" prohibited him from exhausting his claims in the state courts. *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). Good cause for petitioners who were unrepresented during state post-conviction proceedings, "can easily be established to the extent they were without counsel." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

Petitioner asserts that he has "argued [his] case and all grounds for relief to all courts," and "attempted to consistently argue [his] grounds for relief in ALL [sic] three of the state courts without pause." Dkt. No. 12 at 2. He explains he has provided the Court with evidence of the state petition he attempted to file, and the California Supreme Court's letter rejecting it. *Id.* at 4. He further states, "it is abundantly clear that I have exhausted every court (all three) to a degree, but am happy to appease further exhaustion." *Id.* at 3.

The Court finds Heim's effort to exhaust his remedies in the California Supreme Court establishes good cause. Although Heim failed in having his claims heard on the

merits, he made a good faith effort to exhaust by presenting his claims to the California Supreme Court in a "Petition for Review." The Court, therefore, finds Heim has demonstrated good cause. *See Dixon*, 847 F. 3d at 721 ("A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel.").

### B. Potential Merit

The merit requirement is satisfied when a petitioner presents a "colorable or potentially meritorious" claim. *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011). A petitioner need only show that one of his unexhausted claims is not "plainly meritless" to obtain a stay. *Rhines*, 544 U.S. at 277. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (citation modified).

The Court has reviewed each of Heim's claims and, as explained below, finds them plainly without merit.

Heim's first claim asserts the State violated his Fifth Amendment right to a grand jury. Dkt. No. 1 at 6. The right to a grand jury, however, does not apply to states. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("[T]he Court has never held that federal concepts of a 'grand jury,' binding on the federal courts under the Fifth Amendment, are obligatory for the States."). This claim, therefore, plainly lacks merit. *Stumpf v. Alaska*, 78 F. App'x 19, 21 (9th Cir. 2003) ("Because the right to a grand jury has not been applied to the states via the Fourteenth Amendment, Stumpf's Fifth Amendment challenge to the grand jury proceedings does not raise a question of federal law and is not cognizable on habeas review.") (citation modified).

Next, Heim argues the State violated his Sixth Amendment right to assistance of counsel by denying his request for representation by a non-lawyer (whom he identified as Public Minister Thomas Beason). Dkt. No. 1 at 7. "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney…who is willing to represent the defendant." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). Heim's chosen representative was not a "qualified attorney." This claim, therefore, also plainly lacks merit.

Heim's third claim alleges the police violated his Fifth Amendment right against self-incrimination by facilitating a "pretext phone call" with the victim's mother. Dkt. No. 1 at 8; Dkt. No. 12 at 6. Heim does not allege he was in custody at the time of the call, and the record is clear he was not. *See, e.g.,* Dkt. No. 1-4 at 24 (text messages from Heim contemporaneous with the pretext phone call at issue); Dkt. No. 1 at 6, 8 (Heim's allegation that the police obtained and executed an arrest warrant after the pretext call at issue). The Fifth Amendment right against self-incrimination, however, applies only when "a person *in custody* is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis,* 446 U.S. 291, 300–01 (1980) (emphasis added).

Additionally, "*Miranda* warnings are not required when the suspect is unaware that he is speaking to a law enforcement officer and gives a voluntary statement." *Illinois v. Perkins,* 496 U.S. 292, 294–97 (1990) ("There is no empirical basis for the assumption that a suspect speaking to those whom he assumes are not officers will feel compelled to speak by the fear of reprisal for remaining silent or in the hope of more lenient treatment should he confess."). Heim's Petition expressly states he believed the phone call "was a private conversation between just the two of us." Dkt. No. 1 at 8. Heim's third claim, therefore, is plainly without merit.

Heim's fourth claim alleges the state trial court violated his First Amendment right to petition the government for a redress of grievances by prohibiting him from referencing possible punishment in front of the jury. Dkt. No. 1 at 9. This does not state a cognizable federal constitutional claim. *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It

has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict.").

In his fifth claim, Heim contends it was unconstitutional for the trial court to instruct the jury that it could base its verdict on the victim's testimony alone. Dkt. No. 1 at 10. This also fails to state a federal constitutional claim. *See United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) ("the uncorroborated testimony of a single witness may be sufficient to sustain a conviction") (citation modified); *Bruce v. Terhune*, 376 F.3d 950, 957–58 (9th Cir. 2004) ("[A] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[,]" based solely on a molestation victim's testimony.).

Heim's sixth claim states that he withdrew consent for a search of his phone that uncovered evidence used against him at trial. Dkt. No. 1 at 11. Heim concedes that he consented to officers searching his cell phone on May 3, 2021, the day he was arrested. *Id.*; *see also* Dkt. No. 1-4 at 53 ("I know she got authorization."). However, during trial, Heim argued he had a right to withdraw his consent before the prosecution introduced evidence from the phone at trial. Dkt. No. 1-4 at 54–55. The Superior Court allowed Heim to cross-examine the detective involved in his case. *See id.* The detective testified that Heim consented to the search of his phone, and that he did not withdraw his consent any time prior to the search. *Id.* at 56. Heim now argues his right to withdraw consent extended through his trial. Dkt. No. 1 at 11 ("Common sense would say I should have been able to take back consent at [trial,] and the phone evidence should not have been submitted as evidence per agreement to what I signed. [The judge] allowing it breaks the contract and is unconstitutional."). *Id.* Heim had a full and fair opportunity to litigate that Fourth Amendment claim before the Superior Court; therefore, he is not entitled to habeas relief on the ground that he withdrew his consent at trial, more than one year after detectives seized evidence from his cell phone. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal

habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also Newman v. Wengler*, 790 F.3d 876, 878–79 (9th Cir. 2015) (The habeas petitioner's Fourth Amendment claim is barred by the *Stone* doctrine "if the petitioner had a full and fair opportunity to litigate [the claim]" in state court).

Heim's seventh claim contends the state court violated his constitutional rights by "acting" as an Article III court. Dkt. No. 1 at 12. He claims only Article III courts can process a criminal proceeding without "color of law tactics and without contract or consent." *Id.* This claim plainly lacks merit. *See, e.g., Heath v. Alabama*, 474 U.S. 82, 89 (1985) ("[T]he Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government."); *Strand v. Schmittroth*, 251 F.2d 590, 595 (9th Cir. 1957) ("The consent of the accused is of no consequence. His acquiescence, approval or resistance cannot affect the choice of the forum.").

In claim eight, Heim alleges the state court violated the Uniform Commercial Code. Dkt. No. 1 at 13–14. Heim further asserts he read into the record a statement that he had not consented to contract with the government (i.e., he was reserving his rights under UCC 1-308) because "all crimes are technically commercial today as the sovereign criminal courts after the 1940s lost that status when they decided to incorporate." *Id.* at 14. This statutory claim is not cognizable on habeas review. *See* 28 U.S.C. § 2254(a) (habeas relief for state prisoners is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.").

In his ninth claim, Heim complains that the prosecution failed to dismiss the case upon receipt of a document demanding a response to the assertion that the state penal code is unenforceable copyrighted corporate code. Dkt. No. 1 at 15–16. Heim asserts the Superior Court is registered "as a corporation with Dunn & Bradstreet (as an acting studio), making a profit and financial gain off of me (my legal fiction)." *Id.* at 16. He states the judge told him that a jurisdictional challenge is only allowed in civil matters, and then he

contends this is a civil matter because the government is incorporated and became a private party. *Id.* Heim cites a 1942 Supreme Court decision about "private commercial paper . . . used by corporate government" rendering the court a "mere private corporation." *Id.* This argument also plainly lacks merit for the same reasons as claims seven and eight.

In claim ten, Heim asserts the San Diego Superior Court violated his Sixth Amendment rights "by failing to explain the nature and cause against [him] and moved forward without [his] understanding of the charges." Dkt. No. 1 at 17. Heim explains his failure to understand

> was not [with] the letter of the law, but why the court was authorized to prosecute. . . . [The Superior Court Judge] never allowed me to understand the charges in how the court was operating in Admiralty Jurisdiction. The Superior Court has denied that it operates under Admiralty, but calls it Statutory Jurisdiction. In reality, it combines common law, equity, and admiralty all in one. It was created very carefully and intentionally to deceive so that very few people would detect or understand how the courts operate. That is fraud.

Dkt. No. 12 at 9–10; *see also* Dkt. No. 1 at ("I said [the duty to explain] was not the letter of the law, but why the court was authorized to prosecute.").

As with claim seven, this is not a viable claim. *See Wright v. Angelone*, 151 F.3d 151, 157–59 (4th Cir. 1998) (petitioner's claim that state trial court lacked subject matter jurisdiction was "not cognizable on federal habeas review" because it "rest[ed] solely upon an interpretation of [the state's] case law and statutes"). Heim's related "sovereign citizen" argument (Dkt. No. 1-4 at 2–3, 5–8) also plainly lacks merit.[5] *See United States v. Studley*,

---

[5] To support claim ten, Heim cites, in part, his statement at the January 10, 2022 state court proceeding, as follows:

> I have not willingly, intentionally, knowingly, or voluntarily made myself subject to the colorable law jurisdiction of the United States, and I am not willing to move forward or make further appearance in this or any equity, admiralty, maritime, also known as statutory jurisdiction court, and doing so would violate my rights as a sovereign after reserving my right for UCC 1-

783 F.2d 934, 937 n.3 (9th Cir. 1986) (the sovereign citizen argument is "utterly meritless" and "consistently and thoroughly rejected by every branch of the government for decades").

In claim eleven, Heim alleges the trial court violated the Eighth Amendment by "doubling [his] sentence because [his case] went to trial." Dkt. No. 1 at 18. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 959 (1991). Heim is serving fourteen years for committing multiple lewd acts on a child under fourteen years old. Dkt. No. 8 at 1. As the Ninth Circuit has observed, "[w]e are aware of no case in which a court has found a defendant's term-of-years sentence for a non-homicide crime *against a person* to be grossly disproportionate to his or her crime." *Norris v. Morgan*, 622 F.3d 1276, 1293, 1296 (9th Cir. 2010) (holding that a life sentence without the possibility of parole was not grossly disproportionate to defendant's serious sex offense) (emphasis in original). Heim's claim that a fourteen-year sentence is "grossly disproportionate" for the crime of committing multiple lewd acts on a child plainly lacks merit. *See, e.g.,* 18 U.S.C. § 2243(a) (fifteen-year maximum sentence

---

> 308, advising no consent to move forward and having not signed a contract voluntarily, knowingly to do so. I am a national of the republic of California, native-born person, not affected by the territory or jurisdiction of the federal corporate government; state, local, or federal, unless voluntarily via contract or agreement, which prevents false presumption of being under any administrative court's jurisdiction. As a declared sovereign, nonresident alien, currently in San Diego, any contract that may be Superior Court of the State of California imposed concerning me currently is so under color of law and false presumptions and must be under threat, duress, coercion, deceit, and manipulation, and must be conducted ambiguously. This includes but is not limited to the San Diego Police and private investigations department; San Diego Sheriff Department; San Diego Superior Court; and any and all other federal entities and/or corporations within the United States or any other territory states within the jurisdiction thereof.

Dkt. No. 1-4 at 2–3.

for engaging in a sexual act with a minor between twelve and sixteen years old); 18 U.S.C. § 2251(e) (fifteen to thirty-year minimum mandatory sentences for certain other sex crimes against minors).

In claim twelve, Heim contends the state court violated the Eleventh Amendment "by having foreign citizens invoking the judicial powers of the state against me." Dkt. No. 1 at 19. He asserts that "no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them." *Id.* He further states that "attorneys are considered foreign agents under the Foreign Agents Registration Act (FARA) and are subjects of the BAR Association." *Id*. Heim offers no comprehensible authority for this proposition, and the Court finds this claim plainly without merit for the same reasons as Heim's other jurisdictional and sovereign citizen claims.

In claim thirteen, Heim alleges the prosecutor used a title of nobility ("esquire") in violation of the Thirteenth Amendment. Dkt. No. 1 at 20. The Thirteenth Amendment says nothing of nobility title; it proscribes slavery and involuntary servitude "except as a punishment for crime." U.S. CONST. amend. XIII. This claim is wholly without merit.

In claim fourteen, Heim claims the state court violated the state constitution because the "San Diego Superior Court is an admiralty (statutory) court using statutes and codes in a conspiracy to deprive [him] of [his] Constitutional rights." Dkt. No. 1 at 21. This state constitutional claim is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 2007) (a petitioner cannot "transform a state law issue into a federal issue merely by asserting a violation of due process.").

In claim fifteen, Heim asserts that the prosecution "concealed evidence to obstruct justice in an attempt to violate my rights intentionally . . . . [in violation] of [18 U.S.C.

§ 2071].&quot; Dkt. No. 1 at 22–23.[6] He claims he sent a fifty-one-page jurisdictional challenge and a twenty-page motion for default judgment to the prosecutor, but the district attorney only &quot;presented 30 pages total to the court in pretrial motions[.]&quot; *Id.* at 22. Heim explains that he sought &quot;[a] default judgment against the DA and her office even though the San Diego Superior Court is a commercial incorporated court registered under Dunn &amp; Bradstreet as an 'acting studio' business.&quot; *Id.* He further explains the Superior Court advised him that default judgment only applies in civil cases. *Id.* As with claims seven, nine, and ten, Heim's challenge to the state court's jurisdiction plainly lacks merit.

Further, where the alleged &quot;error is neither jurisdictional nor constitutional, the appropriate inquiry is whether the error is 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure,' and whether the error 'present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'&quot; *Lord v. Lambert*, 347 F.3d 1091, 1094 (9th Cir. 2003) (citing *Hill v. United States,* 368 U.S. 424,

---

[6] Section 2071 provides:

> (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both; (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term &quot;office&quot; does not include the office held by any person as a retired officer of the Armed Forces of the United States.

18 U.S.C. § 2071.

428 (1962)). Heim's fifteenth claim plainly does not meet this high standard.

In claim sixteen, Heim asserts his appellate counsel was ineffective for failing to raise what are now claims one through fifteen. Dkt. No. 1 at 24. He represents his counsel told him the claims "lacked any basis in the law." *Id.* For the reasons discussed above, however, the Court agrees with his counsel's alleged assessment that Heim's claims are plainly without merit.

### C.  *Dilatory Litigation Tactics*

"[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 455 U.S. at 278. Here, however, there is no basis to find that Heim has engaged in any abusive litigation tactics or intentional delay. He, therefore, satisfies the final prong of the *Rhines* test.

Because Heim fails to show that any one of his sixteen claims is potentially meritorious, however, the Court recommends dismissal of Heim's Petition with prejudice.

### V.  CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the Court: (1) **DENY** Heim's Motion to Resume (Dkt. No. 6) because he has not exhausted state remedies on any of his sixteen claims; and (2) **DENY** Petitioner's Motion to Stay (Dkt. No. 4) because his claims are plainly without merit.

IT IS HEREBY ORDERED that on or before **August 12, 2025**, any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

//
//
//
//
//
//
//

IT IS FURTHER ORDERED that any reply to objections shall be filed and served within seven (7) days of the filing of the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: **July 29, 2025**

Daniel E. Butcher
United States Magistrate Judge