UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DANIEL HEIM,<br><br>                                    Petitioner,<br><br>v.<br><br>M. GAMBOA, Warden, et al.,<br><br>                                    Respondents. | Case No.:  24-cv-2476-AJB-DEB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (Doc. No. 13);**<br><br>**(2) DENYING PETITIONER'S MOTION TO RESUME (Doc. No. 4);**<br><br>**(3) DENYING PETITIONER'S MOTION TO STAY (Doc. No. 6)**<br><br>**(4) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1);**<br><br>**(5) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Jacob Daniel Heim ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his San Diego County Superior Court conviction. (Doc. No. 1.) The petition was referred to United States Magistrate Judge Daniel E. Butcher for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.1(d). On July 29, 2025, Magistrate Judge Butcher issued an extensive Report and Recommendation that

1

recommends denying Petitioner's motions to resume and stay, and recommends dismissing the Petition. (Doc. 13.) On August 11, 2025, Petitioner filed a timely objection to the Report and Recommendation. (Doc. No. 14.) Respondents did not file a response to the objections.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and has made a *de novo* determination. For the reasons herein, the Court: (1) overrules Petitioner's objections, (2) approves and adopts the Report and Recommendation, (3) denies Petitioner's Motion to Resume (Doc. No. 4), (4) denies Petitioner's Motion to Stay (Doc. No. 6), (5) denies the Petition (Doc. No. 1), and (6) declines to issue Petitioner a certificate of appealability.

## I.    BACKGROUND

On July 22, 2022, the San Diego County Superior Court sentenced Petitioner to fourteen years in state prison on multiple counts of committing a lewd act on a child under fourteen years old in violation of California Penal Code § 288(a). (Doc. No. 1 at 1–2.) Petitioner represented himself at trial. (*Id.*) On direct appeal, represented by counsel, Petitioner argued the trial court should not have permitted self-representation because, although he was competent to stand trial, he was not competent to represent himself. (Doc. No. 4 at 24–45.) The California Court of Appeal rejected Petitioner's claims and affirmed the judgment. (Doc. No. 4 at 9–23.) The California Supreme Court summarily denied review. (Doc. No. 1-8 at 33.)

Petitioner then filed a Petition for Writ of Habeas Corpus in this Court. (Doc. No. 1.) Because it appeared Petitioner had not exhausted his state court remedies, this Court issued an order requiring Heim to either: (1) demonstrate he had exhausted the claims in his Petition; (2) voluntarily dismiss his case, return to state court to exhaust his claims, and refile the exhausted claims; or (3) move to stay this proceeding while he returns to state court to exhaust his unexhausted claims. (Doc. No. 3.) Petitioner elected to move to stay this case while he presented his claims to the state court. (Doc. No. 4.)

Petitioner then filed a "Petition for Review" with the California Supreme Court. (Doc. No. 6 at 3–4.) The California Supreme Court returned Petitioner's filing, explaining it already considered and denied his Petition for Review. (*Id.* at 2.) Petitioner has now returned to this Court claiming he exhausted his state remedies and seeking to resume his Petition. (*Id.*)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.,* 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784 (citing *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir.1984)). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to."* Fed. R. Civ. P. 72(b)(3) (emphasis added). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

"The statute [§ 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Hence, in the absence of objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Reyna-Tapia*, 328 F.3d at 1121 (9th Cir. 2003).

24-cv-2476-AJB-DEB

Objections that merely restate the arguments made in a petition lack merit. *O'Brien v. Cate*, No. ED CV 12-1774 JSL JC, 2013 WL 1868961, at *1 (C.D. Cal. May 3, 2013); *see Macort*, 208 F. App'x. at 785 (holding that merely reciting language from a previous order of the court or failing to set forth the applicable law is not a specific objection to anything in the report and recommendation that would trigger de novo review by the district court); *see also N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 688 F. Supp. 2d 1336, 1339 (M.D. Fla.), *aff'd in part, rev'd in part and remanded on other grounds*, 395 F. App'x 563 (11th Cir. 2010) ("By merely reprinting verbatim the arguments made in his Motion . . . [Defendant] has failed to 'specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.'"). As to portions of the report to which no objection is made, the Court "may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

## III.   DISCUSSION

Although Petitioner's Objection is timely, the Objection is not proper under Federal Rule of Civil Procedure 72(b)(2). Petitioner's Objection makes little reference to the Magistrate Judge's report. Rather, the Objection is a nearly identical recitation of the allegations in the Petition. (*Compare* Doc. No. 13, *with* Doc. No. 14.) Because Plaintiff raises no legal basis to reject the Magistrate Judge's report, his Objection will be overruled. Moreover, after an independent *de novo* review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Judge Butcher identified the correct legal standards, applied each standard correctly, considered relevant case law, and reached sound conclusions that this Court has no reason to reject.

Having reviewed the Report and Recommendation and the files and records herein, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DISMISSES** the Petition.

24-cv-2476-AJB-DEB

## IV.   CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the Report and Recommendation and incorporated here, the Court finds this standard has not been met, and therefore a certificate of appealability is **DENIED**.

## V.   CONCLUSION

Based on the foregoing, the Court **OVERRULES** Petitioner's Objections (Doc. No. 14) and **ADOPTS** the Report and Recommendation in its entirety (Doc. No. 13). Petitioner's Motion to Resume is **DENIED** because Petitioner has not exhausted state court remedies on any of his sixteen claims. (Doc. No. 6.) Petitioner's Motion to Stay is **DENIED** because Petitioner's claims are plainly without merit. (Doc. No. 4.) The Court **DISMISSES** Petitioner's petition for writ of habeas corpus (Doc. No. 1) with prejudice. Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability and **DIRECTS** the Clerk of Court to enter judgment and terminate this matter.

**IT IS SO ORDERED.**

Dated:  March 23, 2026

Hon. Anthony J. Battaglia
United States District Judge

24-cv-2476-AJB-DEB